UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNA WHITEHEAD

    **Plaintiff,**

v.                              CASE NO.:

**FLORIDA DELIVERY SERVICES, INC.,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff ANNA WHITEHEAD (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant FLORIDA DELIVERY SERVICES, INC. (hereinafter "Defendant"), and states the following:

**NATURE OF CASE**

1. This is a claim by Plaintiff against her former employer for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA") and the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq., 42 U.S.C. §1981. As a result, and for the violation of Plaintiff's rights to be free from gender and

pregnancy discrimination, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## PARTIES

2. Plaintiff was hired by Defendants in or around November 11, 2020.

3. At the time of her termination in August 2020, Plaintiff worked for Defendant as a delivery driver.

4. Defendant owns, controls, and operates a delivery company in the state of Florida including the location where Plaintiff was employed.

## JURISDICTION & VENUE

5. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

6. This Court has supplemental jurisdiction over Plaintiff's state law claims.

7. The acts and omissions giving rise to this action occurred in Tampa, Florida.

8. Defendant conducts business in Tampa, Florida.

9. Plaintiff was employed with Defendant in Tampa, Florida.

10. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

11. This is an action at law raises a federal question under federal law.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

13. Venue is proper because the illegal conduct occurred within the judicial district in and for this District.

## STATUTORY PREREQUISITES

14. Plaintiff is a female individual who suffered discrimination based on her gender and pregnancy.

15. Plaintiff is a member of a class of individuals protected by Title VII and the FCRA.

16. Plaintiff was qualified for her position of employment as a delivery driver.

17. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

18. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

19. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 29, 2020.

20. The EEOC issued a Notice of Right to Sue on March 30, 2022.

21. Plaintiff brings this suit within ninety (90) days of receipt of her Notice of Right to Sue.

22. Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

23. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

## FACTUAL ALLEGATIONS

24. Plaintiff was hired by Defendants in November 2020, as a delivery driver.

25. Shortly thereafter, Ms. Whitehead learned she was pregnant and advised her supervisor, Mr. Nelluri, of her pregnancy on November 21, 2020.

26. Although her doctor placed her on restrictions of not lifting packages over 25 lbs., Ms. Whitehead was still able to complete the majority of her regular routes.

27. Upon learning of her pregnancy, Nelluri told Ms. Whitehead he "could not accommodate [her]" and to take the next day off.

28. Thereafter, Ms. Whitehead was offered a route on a day she had a previously scheduled doctor's appointment and was ultimately taken off the schedule completely.

29. Despite numerous attempts to secure her return to her position with Florida Delivery, the Company has been unresponsive and has refused to reinstate Ms. Whitehead.

30. Prior to advising Florida Delivery of her pregnancy, Ms. Whitehead had no performance related issues while working for the Company.

31. Plaintiff remained in that position until the end of her employment in or around on December 11, 2020.

32. Plaintiff had never received any type of write up or discipline for her performance prior to being terminated.

33. Defendant's reason for termination was false and a pretext for discrimination and retaliation.

## COUNT I
## GENDER DISCRIMINATION IN VIOLATION TITLE VII

34. Plaintiff realleges and adopts allegations contained in paragraphs 1-5, 7-33, as though fully stated herein.

35. Plaintiff is a member of a protected class because she is female.

36. At all material times, Plaintiff was qualified to perform her job duties.

37. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her gender.

38. Defendant did not subject the male employees to discriminatory treatment.

39. Plaintiff suffered an adverse employment action when she was terminated.

40. The discrimination to which Plaintiff was subjected was based on her gender.

41. Defendant does not have a legitimate, non-discriminatory reason for discharging the Plaintiff.

42. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

43. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

44. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

45. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. compensatory damages;

e. judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. judgment interest, and, if applicable, post-judgment interest;

g. reasonable attorneys' fees and litigation expenses against Defendant; and

h. any additional relief that this Court deems just.

## COUNT II
## <u>GENDER DISCRIMINATION IN VIOLATION OF FCRA</u>

46. Plaintiffs realleges and adopts all allegations contained within paragraphs 1-33, as though fully stated herein.

47. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

48. Defendant discriminated against Plaintiff based on her gender.

49. Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

50. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

51. At all material times, Plaintiff was qualified to perform her job duties.

52. Defendant discriminated against Plaintiff because of her gender.

53. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

54. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT III
## **RETALIATION IN VIOLATION OF TITLE VII**

55. Plaintiff realleges and adopts allegations contained in paragraphs 1-5, 7-33, as though fully stated herein.

56. Plaintiff engaged in statutorily protected activity when she complained to Defendant regarding the discriminatory behavior and sexual harassment against her.

57. Plaintiff suffered an adverse employment action when she was subjected to unfounded discipline and ultimately terminated.

58. A causal connection exists between the protected activity and the adverse action.

59. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII because it treated Plaintiff less favorably because of her complaints of sexual harassment.

60. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

61. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

62. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

63. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

64. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff respectfully requests entry of:

a.  judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b.  require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.  require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.  compensatory damages;

e.  judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.  judgment interest, and, if applicable, post-judgment interest;

g.  reasonable attorneys' fees and litigation expenses against Defendant; and

h.  any additional relief that this Court deems just.

## COUNT IV
## RETALIATION IN VIOLATION OF FCRA

65.  Plaintiff reincorporates and adopts all allegations contained within 1-33, as though fully stated herein.

66.  Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

67. At all material times, Plaintiff was qualified to perform her job duties.

68. Defendant retaliated against Plaintiff because of her complaints about sexual harassment.

69. Plaintiff engaged in a protected activity by making numerous complaints to Defendant regarding sexual harassment.

70. Defendant engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

71. The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f.      Prejudgment interest;

    g.     Costs and attorney's fees; and

    h.     Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __28th__ day of __June__, 2022.

                Respectfully submitted,
                <u>s/ Edward W. Wimp</u>
                Edward W. Wimp, Esquire – LEAD COUNSEL
                FBN: 1015586
                Email: ewimp@theleachfirm.com

                Anthony Hall, Esquire
                FBN: 0040924
                Email: ahall@theleachfirm.com

                THE LEACH FIRM, P.A.
                631 S. Orlando Ave., Suite 300
                Winter Park, FL 32789
                Telephone: (407) 574-4999
                Facsimile: (833) 813-7513

                Attorneys for Plaintiff